

623

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Tom L. Hartley
Criminal District Attorney
Hidalgo County
Edinburg, Texas

Dear Sir:

Opinion No. O-5322
Re: Whether county clerk is authorized to accept notary public bond of married woman as principal when not joined in obligation by husband, and related question.

This is with reference to your recent telegraphic communication to this office reading as follows:

"IT IS MY OPINION THAT A MARRIED WOMAN IS NOT BOUND BY A BOND REQUIRED OF HER AS A NOTARY PUBLIC UNLESS JOINED BY HER HUSBAND AND COUNTY CLERK IS NOT AUTHORIZED TO ACCEPT SUCH BOND UNLESS SUCH MARRIED WOMAN IS JOINED BY HER HUSBAND IN THE OBLIGATION STOP THIS QUESTION WILL ARISE IN MANY CASES WHERE HUSBAND IS IN ARMED FORCES OR OVER SEAS. HAVE YOU RENDERED OPINION ON THE MATTER IF NOT CAN YOU GIVE OPINION IMMEDIATELY SO THAT NOTICE CAN BE GIVEN APPLICANTS."

Article 4623, Revised Civil Statutes, pertinent to your inquiry, reads as follows:

"Neither the separate property of the husband nor the community property other than the personal earnings of the wife, and the income, rents and revenues from her separate property, shall be subject to the payment of debts contracted by the wife, except those contracted for necessaries furnished her or her children. The wife shall never be the joint maker of a note or a surety on any bond or obligation of another without the joinder of her husband with her in making such contract."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Tom L. Hartley, page 2

Article 5953 provides:

"Any person appointed a notary public, before entering his official duties, shall execute a bond for one thousand dollars, to be approved by the county clerk of his county, payable to the Governor, conditioned for the faithful performance of the duties of his office; and shall also take and subscribe the official oath, which shall be indorsed on said bond, with the certificate of the officer administering the same; said bond shall be recorded in the office of the county clerk, and deposited in said office, and shall not be void on the first recovery, and may be sued on in the name of the party injured from time to time until the whole amount thereof has been recovered."

A notary public is a public officer. A married woman may hold a public office, including that of Governor. Dickson v. Strickland, 114 Tex. 176, 265 S. W. 1012.

". . . Since under the Constitution and statutes, a married woman may hold office, she may of course do all things necessary or incident to the proper exercise of that right, such as making a bond. The general rule forbidding her to contract a liability would no more prevent her making a bond than it would deny her the right to make necessary bonds in the prosecuting of suits permitted to her. In each instance the power is an incident to the right conferred, and is necessarily implied, if not expressly required, by the statute demanding bonds." Speer's "Law of Marital Rights," page 97.

The giving of a bond is a necessary prerequisite to the assertion of the right to hold the office of notary public. The power, therefore, must of necessity exist in the case of a married woman; for to deny the power would in some instances be to deny the right.

It is therefore the considered opinion of this department that the county clerk is authorized to accept the notary public bond of a married woman though she be not joined in the obligation by her husband, all other requirements being present.

Honorable Tom L. Hartley, page 3

Article 5998, Revised Civil Statutes of Texas, provides:

"The official bond of each officer shall be executed by him with two or more good and sufficient sureties or a solvent surety company authorized to do business in this State."

It is thus observed that the county clerk is not called upon to determine the sufficiency of the principal on an official bond but is only bound to determine the sufficiency of the sureties.

The Commission of Appeals in the case of Mitchell v. Zurn, 221 S. W. 954, which opinion was approved by the Supreme Court of Texas, held that where the principal to an obligation, a married woman or minor, is discharged on account of his or her incapacity, the debt remained and its burden must be assumed by the surety or sureties for the minor or married woman.

It is therefore the further opinion of this department that even though a married woman who is principal on a notary public bond may not be personally bound on such bond without joinder of her husband, this fact alone would not authorize the county clerk to refuse to accept and approve such bond.

APPROVED JUN 7, 1943

FIRST ASSISTANT
ATTORNEY GENERAL

Yours very truly

ATTORNEY GENERAL OF TEXAS

By E. G. Pharr

E. G. Pharr
Assistant

EGP:db


APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN